IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARK SIEGEL *et al.* | * | |
| *Plaintiffs*, | * | |
| v. | * | Civil Case No. 1:25-cv-3244-JMC |
| FLOHR POOLS INC. *et al.* | * | |
| | * | |
| *Defendants*. | | |

\* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Presently pending before the Court is Defendants' request included in the parties' Joint Status Report to extend the discovery schedule by twenty-one days to produce certain expert witness disclosures. (ECF No. 18).  Plaintiffs object to this request.  *Id.* The issue is fully briefed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). As set forth immediately below, Defendants' Motion shall be GRANTED.

## I.    RELEVANT BACKGROUND

This case arises from a motor vehicle accident that occurred March 20, 2023 on Interstate 81 in Washington County, Maryland. (ECF No. 1 at 1).  Plaintiffs allege serious injuries including "a fracture of the ninth thoracic vertebra" and a "closed fracture of transverse process of lumbar vertebra." *Id.* at 2.  Plaintiffs filed a Complaint on September 30, 2025.  *Id.* On October 14, 2025, Defendants filed an Answer, and the Court issued a Proposed Scheduling Order.  (ECF Nos. 7, 10).  The Court granted a motion to modify the Scheduling Order on January 8, 2026, thereby extending the operative dates to the following schedule:

| March 8, 2026 | Defendants' Rule 26(a)(2) Disclosures |
|---|---|
| March 15, 2026 | Plaintiffs' Rebuttal Disclosures |
| March 22, 2026 | Supplemental Disclosures |
| April 23, 2026 | Discovery Deadline |

| May 9, 2026 | Request for Admissions |
| May 23, 2026 | Dispositive Pretrial Motions |

(ECF No. 14).  Following the expiration of the discovery deadline, the parties filed a Joint Status Report.  (ECF No. 18).  Review of the status report made clear that (1) Defendants seek a modification of the scheduling order such that limited discovery would be permitted and (2) the parties may seek to file additional discovery motions.  *Id.* As such, the Court finds is appropriate to discuss the discovery schedule as follows.

## II.    STANDARD OF REVIEW

District courts have broad discretion to manage the timing of discovery. *Ardrey v. United Parcel Serv.,* 798 F.2d 679, 682 (4th Cir.1986).  A party must demonstrate good cause to amend the scheduling order under Federal Rule of Civil Procedure 16.  Fed. R. Civ. P. 16(b)(4); *DiStefano, Inc. v. Tasty Baking Co.*, Civil Case No. SAG-22-01493, 2024 WL 1329268, at *2 (D. Md. Mar. 28, 2024) ("[A] party must first demonstrate good cause to modify the scheduling order deadlines, before also satisfying the Rule 15(a)(2) standard for amendment.") (internal quotations omitted). "The primary consideration of the Rule 16(b) 'good cause' standard is the diligence of the movant." *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) (citing *West Virginia Housing Dev. Fund. V. Ocwen Technology Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W.Va. 2001)). Indications of a lack of diligence and carelessness are "hallmarks of failure to meet the good cause standard." *Id.* "To establish good cause, the party seeking to amend the scheduling order must 'show that the deadlines cannot reasonably be met despite the party's diligence'" *Id.* (quoting *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012).

## III.    ANALYSIS

Defendants seek a twenty-one day extension to the discovery schedule so they can provide

an expert report.  (ECF No. 18). Defendants represent that in their Answers to Interrogatories, "they reserved the right to call the Plaintiff's treating physicians or other physicians that were designated by the Plaintiff.[1]"  *Id.* at 2.  "By consent of the parties," Defendants also "arranged and paid for the evaluation of both Plaintiffs by Dr. Neil Blumberg, a clinical psychologist."  *Id.* Defendants represent that a remote interview took place accordingly within the discovery period, but Dr. Blumberg "has not yet produced his report to the Defendants."  *Id.* As such, Defendants ask for 21 days to produce the Dr. Blumberg reports.  *Id.* Defendants further note that because of Plaintiffs' travel restrictions, "Defendants were not able to secure the Plaintiffs' attendance at a neurosurgical IME with the physician of their choosing." *Id.* As such, they seek leave to amend their answers to interrogatories such that they will rely on the opinions of those physicians contained in Plaintiffs' expert disclosures.

Plaintiffs represent that they never received any expert designation, contrary to Defendants' belief that the disclosure was properly made in the answers to interrogatories.  The exact error is unclear, as Defendants arranged for the Plaintiffs' medical examination by the parties' consent.  Defendants assert that "[t]his error was not brought to the attention of the Defendants previously, and the Defendants seek leave to correct this error."  *Id.*  Plaintiff objects to any extension of the discovery schedule.

Based on review of parties' Status Reports, it is clear to the Court that the parties have made good faith efforts to move the case through discovery.  Based on the limited record before the Court, there is no indication that any error Defendants may have made in their expert disclosures are of such gravity that they should not be granted leave to remedy the error.  Moreover, Defendants first learned of Plaintiffs' belief that there was a disclosure error in the preparation of

---

[1] Plaintiffs "do not object to [Defendants] relying on [Plaintiffs'] treating physicians disclosed in [Plaintiffs'] expert disclosure."  (ECF No. 18 at 1).

the Status Report.  (ECF No. 18).  The Court also understands Plaintiffs' desire to move forward, as the discovery deadline passed on April 23, 2026.  All considered, the Court finds good cause to extend the discovery schedule by twenty-one days from the date of this Opinion and Order for the limited purpose of (1) remedying any disclosure error, if any; (2) providing the Dr. Blumberg report; and (3) making the Defendants' stated amendments to the answers to interrogatories. If upon review of the Dr. Blumberg report, Plaintiffs wish for leave to amend the scheduling order, the Court will consider such a motion, if any, at the appropriate time. Recognizing the importance of moving the case forward, the modification(s) discussed herein shall be the last modification(s) to the discovery schedule absent extraordinary circumstances.

Finally, based on the Status Report, the undersigned referred the matter to Judge Miller for a settlement conference.  (ECF No. 19).  The Court understands that the parties intend to request that certain witnesses on both sides may appear remotely at trial.  Should the case reach trial posture, the Court asks that the parties file their respective motions for virtual testimony at the appropriate time, so the Court may evaluate the parties' briefing and the capabilities of the Clerk's office, as well as the Court's policies governing this issue.

## IV.    CONCLUSION

Accordingly, it is hereby ORDERED that the Discovery Deadline is extended by twenty-one days.   The parties shall file a status report on or before May 18, 2026.

/s/
_____
J. Mark Coulson
United States Magistrate Judge
April 27, 2026
